IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ADAM J. CRABB                                                                                      PLAINTIFF

V.                                    CIVIL NO. 3:14-cv-03009-MEF

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Adam Crabb, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.  Procedural Background**

Plaintiff protectively filed applications for DIB and SSI on August 25, 2010, alleging disability since June 17, 2008, due to anxiety, agoraphobia, hypertension, and a left ankle problem. (Tr. 303, 317) An administrative hearing was held on September 23, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 52-89) On November 18, 2011, the ALJ entered an unfavorable decision. (Tr. 148-158) Plaintiff subsequently appealed the decision to the Appeals Council, which remanded the case for further consideration on January 4, 2012. (Tr. 163-166) A

second hearing was held on August 6, 2012, where Plaintiff appeared with council and testified. (Tr. 90-140)

By a written decision dated January 14, 2013, the ALJ found Plaintiff had the severe impairment of "mood disorder treated with light medication and no counseling." (Tr. 14) After reviewing all of the evidence presented, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments. (Tr. 14-16) The ALJ found Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but with the following limitations:

> the claimant is able to perform semi-skilled work, which is classified as work that involves some skills[,] but does not require doing more than complex work duties; and is able to perform work involving several steps, requiring some judgment, and requiring little supervision for routine tasks[,] but more detailed instruction for complex tasks. (Tr. 16)

With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform his past relevant work ("PRW") as a movie rental clerk, production assembler, and telephone solicitor. (Tr. 21-22) The ALJ then found Plaintiff had not been under a disability as defined by the Act during the relevant time period. (Tr. 22)

Plaintiff next requested a review of the hearing decision by the Appeals Council, which denied the request on December 17, 2013. (Tr. 1-4) Subsequently, Plaintiff filed this action on January 22, 2014. (Doc. 1) This case is before the undersigned pursuant to the consent of the parties. (Doc. 7) Both parties have filed appeal briefs, and the case is ready for decision. (Docs. 10, 15)

## II. Applicable Law.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

  A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

  The Commissioner's regulations require the application of a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Discussion

Plaintiff argues the ALJ erred by: (1) failing to develop the record, (2) not finding an additional severe impairment, and, (3) not performing a proper credibility assessment. (Doc. 10, pp. 9-14)

#### A. Development of the Record

Plaintiff believes the ALJ should have ordered a mental consultative exam to investigate his depression and anxiety. (Doc. 11, pp. 9-11)

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995). The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). The ALJ, however, is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. "Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

The record includes treatment notes, several VA mental evaluations, and the consulting physicians' mental RFC assessments. (Tr. 520-521, 524-525, 531, 537, 545, 547-549, 556-557, 594-596, 627) Plaintiff's treatment notes do not show severe depression or anxiety, but reference several occasions where Plaintiff stated his depression and anxiety was controlled on citalopram. (Tr. 524, 531, 537, 545, 549)

At the second hearing, Plaintiff alleged his mental conditions were disabling, explained previous legal concerns made him reluctant to seek treatment, and indicated he would seek his own mental evaluation if necessary. (Tr. 136-139) The record, however, shows Plaintiff did not seek an evaluation, although he turned down VA counseling on multiple occasions during the relevant time period. (Tr. 122, 549, 554, 743, 745) Plaintiff instead told his VA physicians citalopram improved his depression and anxiety, and his depression was considered "in remission," according to treatment records. (Tr. 520, 524, 526, 528, 618, 668). On October 25, 2010, Plaintiff was discharged from the VA mental health program due to his improvement, and the discharge note mentions "he is going out and doing things with his friends and family and continues to meet his goals." (Tr. 618)

Plaintiff's failure to seek treatment for his anxiety and depression suggests the conditions were not disabling, and the evidence indicates his condition was situationally triggered by legal problems and controlled with an antidepressant. This was substantial evidence for the ALJ to conclude Plaintiff's mental impairments were not disabling without a further evaluation. *See Dunahoo v. Apfel*, 241 F.3d 1033, 1039-1040 (8th Cir. 2001); s*ee also McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) ("While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment ...").

Accordingly, the undersigned finds the ALJ fully and fairly developed the record.

**B. Severe Impairment**

Plaintiff contends his left ankle condition is a severe impairment. (Doc. 11, pp. 11-12)

At step two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001). An impairment is not severe if it amounts only to a slight abnormality

that would not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a); *Bowen v. Yuckert*, 482 U.S. 137 (1987) (O'Connor, J., concurring). If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the step two requirement. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). It is the claimant's burden to establish that an impairment or combination of impairments are severe. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Severity is not an onerous requirement for the claimant to meet, *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989), but it is also not a toothless standard, and courts have upheld on numerous occasions the Commissioner's finding that a claimant failed to make this showing. *See, e.g., Page v. Astrue*, 484 F.3d at 1043-44; *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *Simmons*, 264 F.3d at 755; *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Nguyen v. Chater,* 75 F.3d 429, 431 (8th Cir. 1996).

A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)). The impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms. 20 C.F.R. §§ 404.1508, 404.1527.

The ALJ addressed Plaintiff's ankle condition in detail and appropriately concluded it was not a severe impairment. (Tr. 17) As the ALJ highlighted, examinations showed Plaintiff had normal ankle strength and range of motion, walked with a normal gait, and, notably, declined an orthopaedic evaluation. (Tr. 17, 478, 541, 561, 641, 646, 746-747) Additionally, Plaintiff did not allege any

limitations from his ankle condition on his function report, and treatment notes indicate Plaintiff walked several days a week for exercise. (Tr. 339, 557, 704)

Accordingly, the undersigned finds the ALJ's step two determination is based on substantial evidence.

### C. *Polaski Analysis*

Plaintiff believes the ALJ erred by not considering the side effects from his medications. (Doc. 11, pp. 13-14)

In determining a claimant's RFC, "'the ALJ must first evaluate the claimant's credibility.'" *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir. 2007) (quoting *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2002)). An ALJ is required to consider all of the evidence relating to Plaintiff's subjective complaints, including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medications; and, (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (stating a court should not substitute its own credibility opinion for that of the ALJ). As the Eighth Circuit has observed, "[o]ur touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). The court should, "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012). "The ALJ is not required to discuss

each Polaski factor as long as the analytical framework is recognized and considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

The ALJ addressed the *Polaski* factors in the written decision, but discounted Plaintiff's allegations of disabling pain. In addition to a lack of support in the medical record, the ALJ identified the following facts that weighed against Plaintiff's credibility: (1) he rejected treatment for several allegedly disabling conditions, and the treatment he received was conservative; (2) he completed relatively normal daily activities such as walking for exercise, playing video games, performing minor household repairs, chauffeuring his family, and going out to dinner; (3) he indicated his treatment for depression and anxiety was successful; (4) he failed to take prescribed medications; (5) he sought employment throughout his period of alleged disability; and, (6) there were several inconsistencies in Plaintiff's testimony indicating he had, according to the ALJ, "engaged in misrepresentation in what appears to be an effort to increase the chance of obtaining benefits." (Tr. 17-20)  These were valid reasons for discounting Plaintiff's claim of disabling conditions. *See e.g., Wildman v. Astrue*, 596 F.3d 959, 968-969 (8th Cir. 2010); *see also Bentley v. Shalala*, 52 F.3d 784, 786 (8th Cir. 1995)("[T]he failure to seek medical treatment for such a long time during a claimed period of disability tends to indicate tolerable pain.").

The ALJ did not err by failing to discuss any side effects from medication. As part of the *Polaski* analysis, the ALJ highlighted Plaintiff's medications such as citalopram and levothyroxine. (Tr. 17, 19) Although side effects were not discussed, Plaintiff did not report any side effects that would cause work-related limitations. Plaintiff stated he had no side effects from medications on his Pain Questionnaire. (Tr. 333) The only identifiable side effect in the record was Plaintiff's complaint he suffered erectile dysfunction from citalopram, which he reported he could "deal with." (Tr. 333,

525, 537) Since the ALJ gave good reasons for discrediting Plaintiff's subjective complaints, the determination is entitled to deference regardless of whether every factor was discussed in depth. *Dunahoo*, 241 F.3d at 1038 (citing *Brown v. Chater,* 87 F.3d 963, 966 (8th Cir. 1996)).

Accordingly, the undersigned finds the ALJ's credibility determination was based on substantial evidence.

**IV. Conclusion**:

Having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's complaint should be dismissed with prejudice.

DATED this 5th day of August, 2015.

/s/  *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE